UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., | No. 2:09-CV-03617-KJM-EFB |
| Plaintiff, | |
| v. | ORDER |
| BIOTRONIK, INC., et al., | TEMPORARILY UNDER SEAL |
| Defendants. | |

On January 24, 2014, the United States made its ninth ex parte request under the False Claims Act, 31 U.S.C. § 3730(b)(3), to extend the time by four months for the United States and plaintiff states to inform the court whether they will intervene in this *qui tam* lawsuit. (ECF 47.) Defendant Biotronik, Inc. does not object to the proposed four month extension of time. The relator objects to the requested extension. (ECF 48.)

On July 25, 2013, the court granted the United States' eighth ex parte request for an extension of the seal period. However, in a prior order, the court had advised that any further request by plaintiffs for an extension should be accompanied by "a more detailed justification than provided to date, which the court will scrutinize carefully." (ECF 42 (citing *U.S. ex. rel. Costa v. Baker & Taylor, Inc.*, 955 F. Supp. 1188, 1190-91 (N.D. Cal. 1997).)

/////

1

1    Congress contemplated a term of 60 days for the United States to determine
2 whether it would intervene in a *qui tam* action.  31 U.S.C. § 3730(b)(2).  If good cause is shown,
3 a court may grant extensions of time.  *Id.* § 3730(b)(3).  "The 'good cause' requirement of the
4 statute is, therefore, a substantive one, which the government can only satisfy by stating a
5 convincing rationale for continuing the seal."  *U.S. ex rel. Costa*, 955 F. Supp. at 1190.  As
6 explained below, the government has not stated a convincing rationale.

7    The original complaint in this case was filed more than four years ago on
8 December 31, 2009.  The United States now seeks to keep this matter under seal for additional
9 four months.  However, nothing in the declaration of United States' counsel accompanying the
10 instant application demonstrates why continued seal is critical to the successful prosecution of
11 this case.  Because the only two corporate defendants in this matter, Biotronik, Inc. and Western
12 Medical, Inc., have known about the allegations against them, and because a parallel criminal
13 case has been pending in Nevada for some time, the notion that continued sealing is required
14 strains credulity.

15    This case deals with possible fraud on the government and on consumers of
16 medical devices and services.  Absent a showing of good cause to continue sealing such
17 information of important public concern, the public's "general right to inspect and copy public
18 records and documents, including judicial records and documents," *Nixon v. Warner Comms.*, 435
19 U.S. 589, 597 (1978), weighs in favor of denying the instant application.

20    The court finds there is no good cause to grant the United States' ninth request to
21 extend sealing.

22    The United States is ordered to elect to intervene no later than fourteen days from
23 the date of this order.  Whether or not the United States elects to intervene, the party prosecuting
24 this case is directed to serve all defendants with the summons and complaint no later than twenty-
25 one days from the date of this order. On the twenty-first day from this order, the seal on this case,
26 and all documents associated with it on the court's docket, will be lifted.  This order is filed under
27 seal only until the twenty-first day from the date shown below
28 /////

1            IT IS SO ORDERED.

2    Dated: April 30, 2014.

_____
UNITED STATES DISTRICT JUDGE