1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA; THE            No.  2:09-cv-3617-KJM-EFB
     STATES OF ARKANSAS,
12   CALIFORNIA, DELAWARE, FLORIDA,
     GEORGIA, HAWAII, ILLINOIS,
13   INDIANA, LOUISIANA, MICHIGAN,            ORDER
     MASSACHUSETTS, MONTANA,
14   NEVADA, NEW HAMPSHIRE, NEW
     JERSEY, NEW MEXICO, NEW YORK,
15   OKLAHOMA, RHODE ISLAND,
     TENNESSEE, TEXAS, VIRGINIA, AND
16   WISCONSIN, AND THE DISTRICT OF
     COLUMBIA, ex rel. JOHN DOE, Relator,
17
                 Plaintiffs,
18
            v.
19
     BIOTRONIK, INC. and WESTERN
20   MEDICAL, INC.,

21               Defendants.

22

23        Relator (and relator's counsel Kershaw, Cutter & Ratinoff, LLP's ("KCT")) have filed

24   motions for attorneys' fees.  Those motions are pending before the district judge and are set for

25   hearing on April 24, 2015.  The relator has also filed a discovery motion to compel the production

26   of information that the relator intends to use in support of the attorneys' fee motion.  Specifically,

27   the relator moves to compel production of defendant's relevant billing records.  That motion to

28   compel is set for hearing on March 11, 2015.  ECF No. 113.  On March 3, 2015, defendant filed

                                                1

an ex parte application to continue the hearing on the motion to compel to a date in mid-April or later. ECF No. 114. Defendant contends that a continuance is necessary because its lead counsel, Christopher Myers, underwent surgery in February and will be unavailable during the month of March. *Id.* at 1-3. Relator and KCR oppose the motion. ECF No. 115. For the reasons set forth below, the motion for continuance is denied.

Defendant is represented by an international law firm that lists having more than 1,000 attorneys in the United States and abroad.[1] Other attorneys from the firm have appeared in this action on behalf of defendant. *See, e.g.,* ECF No. 115. Moreover, defendant has failed to demonstrate that another attorney from the firm is incapable of handling what appears to be a relatively routine discovery motion. *See Nielsen v. Wal-Mart Stores, Inc.*, No. C 05-1759SBA, 2006 WL 778627, at * 1 (N.D. Cal. Mar. 27, 2006) ("Indeed, at least one other attorney of [the defense firm] has already appeared before this Court in the above-captioned matter and the Court assumes that this attorney, as well as the other members of Defendant's counsel's firm, are members of the bar and are fully qualified to try this case.").

On the other hand, granting the requested continuance would disrupt the scheduling order issued by the assigned district judge. ECF Nos. 107, 108. The relator seeks the information at issue for use in the motions for attorneys' fees that are pending before the district judge. *See* ECF Nos. 80, 91. The current scheduling order requires the relator and KTC's reply briefs to be submitted by March 27, 2015. ECF Nos. 107, 108. Continuing the hearing on the motion to compel until mid-April (when Mr. Myers will apparently be available) would leave inadequate time for use of the evidence in the discovery motions.[2] Accordingly, the request to continue the hearing is denied.

The parties' joint statement regarding the motion to compel was due on March 4, 2015, but was never filed. *See* E.D. Cal. L. R. 251(a). Thus, the motion has not been briefed, and the

---

[1] http://www.hklaw.com/offices/uniGC.aspx?xpST=OfficeList (last checked March 5, 2015).

[2] Defendant has not filed a motion before the assigned district judge to modify the scheduling order.

2

1  court is unable to address the merits of the motion at the March 11 hearing.  Accordingly, the

2  hearing on relator and KCT's motion to compel is continued to March 18, 2015, and the parties

3  are directed to file their joint statement on or before March 11, 2015.[3]

4  DATED:  March 5, 2015.

5

6                                     EDMUND F. BRENNAN
                                    UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  _____

26      [3] In its motion to continue the hearing, defendant requests the court's assistance in
    creating a schedule for the preparation of the parties' joint statement.  ECF No. 114 at 1.  It is not
27  the court's duty to assist counsel in the preparation of their pleadings.  Any issue in completing
    the joint statement should be resolved through the required meet and confer process.  *See* E.D.
28  Cal. L.R. 251.

                                        3