Mychal Wilson, CA Bar No. 236189
The Law Office of Mychal Wilson
2425 Olympic Blvd., Suite 4000-W
Santa Monica, CA 90404
Telephone: (424) 252-4232
Facsimile: (310) 424-7116
mychal@mychalwilsonesq.com

Attorneys for relator

Jeremy Friedman, CA Bar No. 142659
Attorney at Law
2801 Sylhowe Road
Oakland, CA 94602
Telephone: (510)-530-9060
Facsimile: (510)-530-9087
jlfried@comcast.net

Fees counsel for relator/Mychal Wilson

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.* *ex rel.*, JOHN DOE, RELATOR<br><br>    Plaintiffs,<br><br>    v.<br><br>BIOTRONIK, INC., et al.<br><br>    Defendants. | Case No. 2: 09-cv-3617 KJM EFB<br><br>***EX PARTE* APPLICATION FOR AN ORDER OF ENFORCEMENT OF MARCH 20, 2015 DISCOVERY ORDER (DOCKET ITEM NO. 124)**<br><br>**Hon. Edmund F. Brennan** |

Fee claimant and relator's counsel Mychal Wilson applies to this Court for an Order in aid of enforcement of this Court's March 20, 2015 Discovery Order (Docket Item No. 124). Biotronik has not affirmatively sought relief from the March 20 Order, or otherwise sought protection under Rule 26 of the Federal Rules of Civil Procedure. It nevertheless has refused to comply with the terms of the Order, claiming its hourly rates and time entries are "confidential." Biotronik has withheld the discovery ordered by the Court on the condition that Mr. Wilson first stipulate to a protective order to which he does not agree, and commit to filing his reply brief on the fee petition under seal.

As established in the case law from courts in the Ninth Circuit, and across the country, and as reflected in this Court's own conclusion (Order, at 9, n. 4), it appears "doubtful" that Biotronik's billing rates and time records are confidential under Rule 26. Further, the law is clear that attorney rate and time records are not filed under seal.

Defendant's failure to comply with the Order and its refusal to affirmatively seek a Rule 26 protective order have been without justification, intended to cause delay and frustration of relator's claim to statutory fees.  Mr. Wilson has now obtained from Judge Mueller a short extension of time in which to file the reply brief on his fee petition – until April 17, 2015 (Docket Item No. 133).  He now asks that the Court issue an order in aid of enforcement of the March 20, 2015, Order, requiring Biotronik to:

> 1.    Produce the ordered records to relator's counsel forthwith,
>
> 2.    Show cause for any protection of confidentiality of the discovery material under Rule 26, including any claim the material must be filed with the reply brief under seal, by Tuesday, April 7.

Relator's counsel will agree to keep the discovery material confidential for a period of five court days, to provide the Court with time to review Biotronik's response to the Order to Show Cause, along with any further response by Mr. Wilson, and to issue any relief necessary for the protection of confidences recognized under the case law.

**APPLICATION**

Mr. Wilson's application is based upon the following:

1. On March 20, 2015, this Court issued an Order (Docket Item No. 124) on relator's counsel's motion to compel production a defense rate and time expenditures in connection with the pending motions for an award of attorneys' fees and costs in this False Claims Act case, pursuant to 31 U.S.C. §3730(d)(1).  *See* Docket Item Nos. 91 (Mychal Wilson's fee petition); 113 (Motion to Compel production of defense billing records); 117 (Joints Statement on Motion).  Therein, the magistrate judge granted in part and denied in part fee claimants' motion, requiring Biotronik to produce (1) billing records related to work performed in relation to the pending fee petitions; and (2)

documents reflecting the hourly billing rates H&K's attorneys charge for work performed in this district.  *See* Order, at 11.

2.  No specific deadline was set for Biotronik to produce the ordered discovery, but at the March 18 hearing, the Court noted that the Order would not issue that day, and Biotronik would have at least one week to consider appealing the Order to the district court.  *See* March 18, 2015 RT (Docket Item 125), at 27:15-28:11.  As noted in this portion of the transcript, fee claimants had sought this discovery so that they would have sufficient time to review it prior to the filing of the reply brief on the underlying motions. Even Biotronik's proposed schedule to resolve this discovery dispute provided relator's counsel with two weeks between production of the documents and the filing of the reply briefs.  *See* Docket Item No. Docket Item No. 118, at 5.  With the understanding the documents would be produced March 27 – one week from the order – fee claimants stipulated to a briefing schedule with a reply due date of April 3, 2015.

3. Biotronik's claim that the requested billing information included confidential and privileged information was one of the issues addressed in the parties' joint statement. *See* Docket Item No. 117, at 23-25, 30-32.  In the March 20 Order, at 9 n.4, the Court stated: "To the extent such records contain confidential or privileged information, which appears doubtful, such information can easily be redacted. In the alternative, the parties may present a stipulated protective order addressing the confidential information."

4.  In the days leading up to March 27, on March 27, and in the days since, relator's counsel has engaged Biotronik's attorneys in efforts to obtain the discovery ordered by Biotronik.  To date, Biotronik has refused to produce the material.  During discussions with Biotronik's lawyers, relator's counsel has been told that, as of March 27, Biotronik has located, reviewed and copied the records subject to the Court's Order, and has them ready to be produced to relator's counsel.  Further, Biotronik's attorneys have stated that the materials have already been redacted of any privileged attorney client communications or work product.

5.  Although Biotronik has not sought relief of the March 20 Order, or otherwise filed for relief under Rule 26, it has insisted that it will not produce the documents unless Mr. Wilson signs a protective order proposed by Biotronik.  That protective order would permit Biotronik to designate its attorney rates and fee-related time records as "confidential," even though relator disputes that claim, and the Court found it to be "doubtful."  Biotronik's proposal contained no provision by which relator's counsel could challenge Biotronik's designation prior to the briefing and hearing on the underlying fee petition.  Further, the proposal would require relator to file any of the documents produced by Biotronik pursuant to the Order – or any brief addressing the information disclosed in the documents – with the Court under seal.  Until Judge Mueller granted relief on relator's *ex parte* application (Docket Item No. 133), Biotronik also required relator's agreement to file the reply brief on April 3 as a condition to its production under the protective order.  *See* Declaration of Counsel, at ¶3.

6.  Biotronik has not cited any authority for protecting its attorney rates and time records as "confidential," or for requiring that such information be filed under seal.  None of the authorities cited by Biotronik in opposition to the motion (Docket Item No. 117, at 23-25) support the issuance of a protective order over its billing rates and time records.  Courts generally refuse to issue protective orders over attorney billing records or permit their filing under seal.  *See Traylor Bros. v. San Diego Unified Port Dist.*, 2009 U.S. Dist. LEXIS 53827 (S.D. Cal. 2009) (attorney billing records shall not be filed under seal unless they contain privileged attorney-client communications); *Linex Techs., Inc. v. Hewlett-Packard Co.*, 2014 U.S. Dist. LEXIS 169806 (N. D. Cal. 2014)(It is commonplace for the number of hours billed and the hourly rate of attorneys to be openly filed on court dockets" and "this type of information is clearly not privileged"); *Muench Photography, Inc. v. Pearson Educ., Inc.*, 2013 U.S. Dist. LEXIS 178495, at *6-*7 (N.D. Cal 2013) ("Billing rates for legal services, even discounted ones, are not entitled to be sealed. Time entries on billing records may be redacted in rare instances, but they may not be sealed in a way that hides the amount of time or money spent on a particular task");

*Procaps S.A. v. Patheon Inc.*, 2013 U.S. Dist. LEXIS 156994  (S.D. FLA 2013) ("The Court is simply not persuaded that attorney's hourly rates are the sort of confidential information that warrants the secrecy provided by a sealing order").  As demonstrated by the cases cited on the underlying discovery motion, and as noted by the Court in *Procaps S.A.*, at \*12, "attorney's hourly rates are routinely publically disclosed and discussed in judicial opinions at all levels" – including the rates and time records of fee opponents.

7.  Since Monday, March 23, 2015 – following issuance of the Court's Order on Friday, March 20 – relator's counsel has met and conferred with Biotronik's attorneys over production of the ordered documents and Biotronik's demand that Mychal Wilson sign a protective order.  On that Monday, Biotronik communicated its intent to require a protective order, and one was proposed on Wednesday, March 25.  In communications between counsel, continuing until even last Friday, April 3, relator's counsel made it clear Mr. Wilson does not agree Biotronik's rates and time records are confidential, he does not intend to file them under seal (unless the Court orders them to be), and he does not believe Biotronik has any justification for delayed compliance with the Court's March 20 discovery Order.  Despite repeated statements to that effect, Biotronik has not moved for a protective order, delaying and interfering with Mr. Wilson's ability to prepare his reply. *See* Declaration of Counsel, at ¶4.

8.  Relator's counsel has requested Biotronik meet and confer over a process for expeditious resolution of this dispute before the magistrate judge.  After days of delay by Biotronik, the parties conferred on Friday, April 3.  This was followed up by an exchange of communications.  In these communications, counsel explained that Mr. Wilson would file an *ex parte* application with the Court for an order compelling the documents to be produced forthwith, and requiring Biotronik to file with the magistrate judge – by Tuesday, April 7 – any basis for a protective order under Rule 26, including any requirement that Mr. Wilson disclose the discovery under seal.  Biotronik's counsel refused to agree to this application or Mr. Wilson's proposal. *Id*., at ¶5.

9.  Based upon the nature of this discovery dispute, the length to which the parties have met and conferred over the matter, and the timing of the briefing before Judge Mueller, Biotronik should have already filed its Rule 26 motion, and must fairly be in a position to substantiate its demand for protection by Tuesday, April 7.

10.  Relator's fees counsel requests that the documents be produced immediately, and that he be given an opportunity to review and respond to Biotronik's response to an Order to Show Cause on confidentiality as requested in this application.  He also hopes that an expeditious resolution of the dispute could be had, one or two days prior to the April 17 due date for Mr. Wilson's reply.  Undersigned fees counsel must travel on Thursday, April 9 to Chicago; on Saturday, April 11 to Tampa Florida (for a younger cousin's funeral); and back to Chicago on Monday, April 13.  Although counsel will endeavor to reply to Biotronik's response by Friday, April 10, because of his travel – and Biotronik's refusal to provide any legal authority for its demands previously – Mr. Wilson may need until Tuesday, April 14, to respond.

## CONCLUSION

For the foregoing reasons, relator's counsel and fee claimant Mychal Wilson requests that the Court issue an order in aid of enforcement of the Court's March 20, 2015, discovery order in this case, requiring Biotronik to (1) produce the discovery material ordered by the Court forthwith, and (2) file by Tuesday, April 7, any request for a protective order under Rule 26, including any request that Mr. Wilson be required to discuss Biotronik's rates and time records under seal.  Mr. Wilson will treat the discovery material as "confidential" for a period of five court days, or earlier if the Court has resolved Biotronik's request.

Respectfully submitted

LAW OFFICE OF MYCHAL WILSON
LAW OFFICE OF JEREMY L. FRIEDMAN

Dated: April 6, 2015          By:     /s/Jeremy L. Friedman
                                      Jeremy L. Friedman
                                      Fees Counsel for relator/Mychal Wilson

*Ex Parte* Application for Aid In Enforcement of Discovery Order – Page 6

## DECLARATION OF COUNSEL

Jeremy L. Friedman, declares and states:

1. I am an attorney licensed to practice law in California, and have appeared in False Claims Act cases and other complex litigation in state and federal courts throughout California and elsewhere. I have been retained as fees counsel for relator in connection with the claim to statutory fees for relator's counsel, Mychal Wilson, and I have appeared as fees counsel in this case. I make the following declaration in support of relator's *ex parte* application for an order in aid of enforcement of this Court's March 20, 2015, discovery order. It is based upon my own personal knowledge. If called as a witness hereto, I would and could testify competently to the matters asserted herein.

2. I have communicated with Biotronik's counsel repeatedly about production of the discovery ordered to be produced by the Court in its March 20 order. These have included email exchanges which began on Monday, March 23, and continuing with a telephone conversation on Friday, March 27. Throughout these discussions, Biotronik's counsel have not cited any authority for protection of its billing rates and time records as confidential records, or for any requirement that they be filed with the Court on the fee petitions under seal. Nevertheless, Biotronik's counsel have refused to produce the documents or move before the Court for a protective order under Rule 26.

3. Biotronik's counsel informed me that they had the ordered material – documents reflecting hourly rates for timekeepers in this case, and hourly records for time expended disputing fees in this case – ready for production to me as early as Friday, March 27. Counsel also informed me they had already reviewed the material and redacted all material which may be privileged attorney client communications or work product. They nevertheless have refused to produce the documents to me, unless Mr. Wilson signs a protective order proposed by Biotronik, which (1) would permit Biotronik to designate its attorney rates and fee-related time records as "confidential;" (2) contained no provision by which relator's counsel could challenge Biotronik's designation prior to the briefing and hearing on the underlying fee petition; and (3) would

require Mr. Wilson to file any of the documents produced – and any brief which disclosed that information – with the Court under seal.  Biotronik also initially required relator's agreement to file the reply brief on April 3.

4.  On Monday, March 23, 2015, and on several occasions thereafter, I have communicated with Biotronik's counsel regarding this dispute.   On that Monday, Biotronik communicated its intent to require a protective order, and one was proposed to me on Wednesday, March 25.  In communications between counsel, continuing until even last Friday, April 3, I made it clear to Biotronik that Mr. Wilson does not agree Biotronik's rates and time records are confidential, he does not intend to file them under seal (unless the Court finds that he must), and he does not believe that Biotronik has any justification for delayed compliance with the Court's March 20 discovery Order.  Biotronik's attorneys have routinely delayed responding to my communications over this dispute, and has not moved for a protective order.  Such delays directly prejudice Mr. Wilson's ability to draft the reply brief on the underlying fee petition.

5.  Biotronik delayed conferring with me over the dispute for several days, until April 3 – the date Biotronik hoped Mr. Wilson's reply brief would be due.  After our telephone conference, I exchanged written communications with Biotronik's counsel.   In those discussions, I proposed an expedited process for resolution of the dispute over confidentiality, including production of the documents forthwith, and a filing by Biotronik to support any claim of confidentiality by Tuesday, April 7.  This included Mr. Wilson's agreement to keep the documents confidential until the Court resolved the matter.   Biotronik's counsel refused to agree to Mr. Wilson's proposal.  Based upon the nature of this discovery dispute, the length to which the parties have met and conferred over the matter, and the timing of the briefing before Judge Mueller, Biotronik should have already filed its Rule 26 motion, and must fairly be in a position to substantiate its demand for protection by Tuesday, April 7.

6.  Although Mr. Wilson requests that he be given an opportunity to reply to Biotronik's response to an Order to Show Cause on confidentiality, he also hopes that any

claim of confidentiality might be resolved before his reply brief is due.  Delays up to this point have been caused by Biotronik's refusal to move for protection or otherwise produce the records.   Under Judge Mueller's recent order, Mr. Wilson's reply brief is due April 17.  In order to visit my mother (who has undergone major surgery), and attend a funeral for my younger cousin, I will be traveling to Chicago on Thursday, April 9; to Tampa on Saturday, April 11, and back to Chicago on Monday, April 13.  If Biotronik responds to this Order to Show Cause with a request for a protective order on Tuesday, April 7, I will endeavor to file any opposition by Friday.  But given my travel, and Biotronik's failure to cite any authority previously, I may need until Tuesday, April 14, to reply.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 6th day of April, 2015, at Oakland, CA.

Jeremy L. Friedman
Jeremy L. Friedman