**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA; THE STATES OF ARKANSAS, CALIFORNIA, DELAWARE, DISTRICT OF COLUMBIA, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, LOUISIANA, MICHIGAN, MASSACHUSETTS, MONTANA, NEVADA, NEW HAMPSHIRE, NEW JERSEY, NEW MEXICO, NEW YORK, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VIRGINIA, AND WISCONSIN, ex rel. BRIAN SANT RELATOR, <br><br> Plaintiffs, <br><br> vs. <br><br> BIOTRONIK, INC. and WESTERN MEDICAL, INC., <br><br> Defendants. | CASE NO. 2:09 – CV 03617 KJM EFB <br><br> Assigned to Kimberly J. Mueller <br><br> **[PROPOSED] STIPULATED ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL AND NON-WAIVER OF ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT PROTECTION** |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Whereas, the parties have stipulated that certain discovery material be treated as confidential and that certain provisions of Fed. R. Evid. 502 be incorporated in an order; Accordingly, it is this ____ day of _____, ____, by the United States District Court for the Eastern District of California, ORDERED:

1. **Designation of Discovery Materials as "CONFIDENTIAL" or "HIGHLY-CONFIDENTIAL-ATTORNEYS' EYES ONLY."** All documents produced in the course of discovery by any party or non-party (hereinafter the "Producing Party"), including all written, recorded, graphic or electronically-stored matters (and all identical and non-identical copies thereof); all Answers to Interrogatories; all Answers to Requests for Admission; all Responses to Requests for

1

[PROPOSED] STIPULATED ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL AND NON-WAIVER OF ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT PROTECTION

Production of Documents; and all deposition testimony and deposition exhibits (collectively, the "Discovery Materials") shall be subject to this Order, as set forth below:

(a) **Confidential Information**.  The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL."  The Producing Party may only designate material as "CONFIDENTIAL" when the Producing Party in good faith believes it contains sensitive personal or business information, trade secrets, or other confidential research, development, or commercial information, which is in fact confidential.

(b) **Highly-Confidential Information.**  The designation of highly confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the words "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  A Producing Party may designate material as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" only when the Producing Party in good faith believes:

(i) Such material contains either a) customer or subscriber data and analysis; b) pricing information; or c) proprietary technical information, such as design specifications; and/or

(ii) The disclosure of such material would create a substantial risk of serious competitive injury to the Producing Party or a non-party.

(c) **Designation.**  A Producing Party shall not routinely designate material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or make such designations without reasonable inquiry to determine whether it qualifies for such designation.  The designation of "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information shall be made prior to, or contemporaneously with, the production or disclosure of that information.  If Discovery Materials claimed to be

2

"Confidential" or "Highly Confidential" are produced without such designation, the Producing Party may request in writing that such Discovery Materials and all copies thereof be stamped "Confidential" or "Highly Confidential." The receiving party must comply with the request within five (5) business days of receiving the request and will use reasonable efforts to retrieve any copies of documents that may have been disseminated prior to receiving the request. The receiving party may challenge the designation of the documents as provided in this Order, but the inadvertent production of Discovery Materials (including, without limitation, testimony) claimed to be "Confidential" or "Highly Confidential" without that designation shall not constitute a waiver of confidentiality.

(d)    **Designation Related to Depositions.** Portions of depositions of a party or non-party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential or highly confidential only if they are designated as such when the deposition is taken or within seven business days after receipt of the transcript. Any testimony that describes a document that has been designated as "CONFIDENTIAL or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," as described above, shall also be deemed to be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." No person shall be present during any portion of any deposition designated "Confidential" or "Highly Confidential" unless that person is an authorized recipient of Discovery Materials containing such Confidential or Highly Confidential information under the terms of this Order.

(e)    **Limitations on Use.** Discovery Materials that have been provided (before or after entry of this Order) in discovery in the above-captioned litigation ("this litigation") and that have been designated as "CONFIDENTIAL or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall be used or disclosed solely for the purpose of the prosecution or defense

3

of this litigation, including preparing for and conducting pre-trial, trial and post-trial proceedings in this litigation, and for no other purpose.  These materials shall not be used or disclosed for any business, commercial or competitive purpose and shall not be used or disclosed in connection with any other litigation or proceeding.

(f)      **Permissible Disclosures of "Confidential" Information.**  The parties and the parties' outside counsel (hereinafter "Outside Counsel") shall not disclose or permit the disclosure of any Discovery Materials  designated as "CONFIDENTIAL" under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i)      Disclosure may be made to employees of Outside Counsel.  Any such employee to whom such disclosure is made shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the Discovery Materials be held in confidence.

(ii)     Disclosure may be made to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.  Disclosure may also be made to any employee of a party who is deposed or who testifies at trial.

(iii)    Disclosure may be made to a third-party deponent or third-party trial witness who is the author, addressee, or recipient of a document.  Disclosure may also be made to the corporate designee for the entity that employed such author, addressee, or recipient at the time of the document's creation or transmission.

(iv)     Disclosure may be made to court reporters engaged for depositions.

(v)      Disclosure may be made to any litigation support service companies specifically engaged by Outside Counsel for the limited purpose of assisting in the processing or production of electronically-stored information or in making

4

photocopies of documents.  Outside Counsel must take reasonable steps to ensure that the confidentiality of such documents is maintained by such litigation support service companies.

(vi)    Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") retained by Outside Counsel to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

(g)    Upon receiving Discovery Materials  designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," Outside Counsel shall not disclose or permit the disclosure of any of these Discovery Materials to any other person or entity, except that disclosures may be made in the following circumstances:

(i)    Disclosure may be made to employees of Outside Counsel.  Any such employee to whom Outside Counsel makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the Discovery Materials be held in confidence.

(ii)    Disclosure may be made to a deponent or trial witness who is the author, addressee, or recipient of the document.

(iii)    Disclosure may be made to a corporate designee for the Producing Party that designated the Discovery Material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(iv)    Disclosure may be made to court reporters engaged for depositions.  Prior to disclosing any Discovery Materials designated as "HIGHLY CONFIDENTIAL –

5

ATTORNEYS' EYES ONLY" to any such court reporter, such person must agree to be bound by the terms of this Order.

(v)    Disclosure may be made to any litigation support service companies specifically engaged by Outside Counsel for the limited purpose of assisting in the processing or production of electronically-stored information or in making photocopies of documents.  Prior to disclosure of Discovery Materials designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to any such litigation support service companies, such company must agree to be bound by the terms of this Order.

(vi)    Disclosure may be made to experts retained by Outside Counsel to whom it is necessary that "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" materials be shown for the sole purpose of assisting in, or consulting with respect to, this litigation.  Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence;

(vii)    Disclosure may be made to other persons only upon written consent of the producing or designating person (which agreement may be recorded in a deposition or other transcript) or upon order of the Court after affording the producing person due notice and an opportunity to be heard.

(h)    Except as provided in subparagraphs (f) and (g) above, counsel for the parties shall keep all Discovery Materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

6

(i)      All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of Discovery Materials designated as confidential under this Order or any portion thereof, shall be immediately affixed with the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY" if those words do not already appear.

2.       Nothing contained in this Confidentiality Order shall preclude any party from redacting information that is irrelevant to the prosecution or defense of this litigation, and each party expressly reserves the right to redact any such irrelevant information from the Discovery Materials produced in this litigation.

3.       **Confidential and/or Highly Confidential Information Filed with Court**.  To the extent that any Discovery Materials subject to this Confidentiality Order (or any pleading, motion or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed in accordance with Local Rules 141.1(e) and 141.

4.       **Party Seeking Greater Protection Must Obtain Further Order.**  No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph (1) of this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

5.       **Challenging Designation of Confidentiality.**  A designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be challenged upon motion by the party challenging such designation.

6.       **Return of Confidential Material at Conclusion of Litigation**.  At the conclusion of the litigation, all material treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" under this Order and not received in evidence shall be returned to the

7

originating party.  If the parties so stipulate, the material may be destroyed instead of being returned. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

7.      **Non-waiver of attorney-client privilege and work product protection.**  The parties have stipulated that, pursuant to Fed. R. Evid. 502(d) and (e), the disclosure during discovery of any communication or information (hereinafter "Document") that is protected by the attorney–client privilege ("Privilege" or "Privileged," as the case may be) or work-product protection ("Protection" or "Protected," as the case may be), as defined by Fed. R. Evid. 502(g), shall not waive the Privilege or Protection in the above-captioned case, or any other federal or state proceeding, for either that Document or the subject matter of that Document, unless there is an intentional waiver of the Privilege or Protection in order to support an affirmative use of the Document in support of the party's claim or defense, in which event the scope of any such waiver shall be determined by Fed. R. Evid. 502(a)(2) and (3).  The parties intend that this stipulation shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2).  That is, all disclosures not made in order to support an affirmative use of the Document in support of the party's claim or defense shall be regarded as "inadvertent," and the producing party is hereby deemed to have taken "reasonable steps to prevent disclosure," regardless of any argument or circumstances suggesting otherwise.

8.      **Return of Privileged or Protected materials.**  Except when the requesting party contests the validity of the underlying claim of Privilege or Protection (including a challenge to the reasonableness of the timing or substance of the measures undertaken by the producing party to retrieve the Document(s) in question), any Document(s) the Producing Party claims as Privileged or Protected shall, upon written request, promptly be returned to the Producing Party and/or destroyed, at the Producing Party's option.

8

If the underlying claim of Privilege or Protection is contested, the requesting party shall comply with, and may promptly seek a judicial determination of the matter pursuant to, Fed. R. Civ. P. 26(b)(5)(B). In assessing the validity of any claim of Privilege or Protection, the court shall not consider the provisions of Fed. R. Evid. 502(b)(1) and (2), but shall consider whether timely and otherwise reasonable steps were taken by the Producing Party to request the return or destruction of the Document once the Producing Party had actual knowledge of (i) the circumstances giving rise to the claim of Privilege or Protection and (ii) the production of the Document in question including, if applicable, compliance with the last sentence of Fed. R. Civ. P. 26(b)(5)(B).

(a)    For purposes of paragraph 8, "destroyed" shall mean that the paper versions are shredded, that active electronic versions are deleted, and that no effort shall be made to recover versions that are not readily accessible, such as those on backup media or only recoverable through forensic means.

(b)    For purposes of paragraph 8, "actual knowledge" refers to the actual knowledge of an attorney of record or other attorney with lead responsibilities in the litigation (for example, lead counsel, trial counsel, or a senior attorney with managerial responsibilities for the litigation).

9.    The terms of this Order shall apply to all manner and means of discovery. The provisions of this Order may be modified at any time by stipulation of the parties, approved by order of the Court. In addition, a party may at any time apply to the Court for modification of this Order. Nothing in this Order shall constitute (a) any agreement to produce in discovery any testimony, document or other information; (b) a waiver of any right to object to or seek a further protective order with respect to any discovery or other matter in this or any other litigation; or (c) a waiver of any claim or immunity, protection, or privilege with respect to any testimony, document or information.

9

[PROPOSED] STIPULATED ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL AND NON-WAIVER OF ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT PROTECTION

10.   This Order shall remain in force and effect until modified, superseded or terminated by agreement of the parties hereto or by order of the Court.  The termination of this action shall not relieve the parties from complying with any limitations imposed by this Order, and the Court shall retain jurisdiction to enforce this Order.

Dated:  March __, 2015                              Respectfully submitted,

/s/ *Christopher Myers*
HOLLAND & KNIGHT LLP
Christopher A. Myers (*Pro Hac Vice*)
Vince Farhat (State Bar No. 183794)
Cheryl A. Feeley *(Pro Hac Vice)*
400 South Hope Street, 8th Floor
Los Angeles, California 90071-2040
Telephone: (213) 896-2400
Facsimile: (213) 896-2450
Email: christopher.myers@hklaw.com
Email: vince.farhat@hklaw.com
*Attorneys for Defendant Biotronik, Inc.*

/s/ *Audra Ibarra*
LAW OFFICE OF AUDRA IBARRA
Audra Ibarra (State Bar No. ___)
530 Lytton Avenue, 2nd Floor
Palo Alto, CA 94301
Tel: (650) 714-2270
Facsimile: (650) 617-3201
Email: ai@aiappeals.com
*Fees counsel for relator/Kershaw, Cutter & Ratinoff, LLP*

/s/ *Jeremy L. Friedman*
Jeremy L. Friedman, Attorney at Law
(State Bar No. 142659)
2801 Sylhowe Road
Oakland, CA 94602
Telephone: (510) 530-9060
Facsimile: (510) 530 9087
Email: jlfried@comcast.net
*Fees Counsel for relator/Mychal Wilson*

DATED:  _____          _____
United States District Court Judge/
United States Magistrate Judge

10

[PROPOSED] STIPULATED ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL AND NON-WAIVER OF ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT PROTECTION