1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                                    EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA, et al.,              No. 2:09-cv-3617-KJM-EFB (CLOSED)
     ex rel. JOHN DOE, RELATOR,
12
                        Plaintiffs,
13
            v.
14
     BIOTRONIK, INC., et al.,
15
                        Defendants.
16

17   _____              No. 2:16-cv-01632-MCE-GGH

18   BIOTRONIK, INC.,

19                      Plaintiff,                  **RELATED CASE ORDER**

20          v.

21   BRIAN SANT,

22                      Defendant.

23

24   _____

25   /////

26   /////

27   /////

28

                                            1

1    Examination of the above-captioned actions reveals they are not related within the

2  meaning of Local Rule 123(a).  Local Rule 123(a) provides that:

3    An action is related to another . . . when

4    (1) both actions involve the same parties and are based on the same
         or a similar claim;

5

6    (2) both actions involve the same property, transaction, or event;

7    (3) both actions involve similar questions of fact and the same
         question of law and their assignment to the same Judge or
8         Magistrate Judge is likely to effect a substantial savings of
         judicial effort, either because the same result should follow in
9         both actions or otherwise; or

10    (4) for any other reasons, it would entail substantial duplication of
         labor if the actions were heard by different Judges or Magistrate
11         Judges.

12    On December 31, 2009, Biotronik, Inc.'s former employee, Brian Sant, filed a *qui*

13  *tam* action, alleging, among other things, that Biotronik violated the federal False Claims Act, 31

14  U.S.C. §3729 *et seq.*, and certain state statutes by providing monetary and other incentives for

15  physicians to use Biotronik devices.  *U.S. ex rel. John Doe v. Biotronik, Inc.*, Case No. 2:09-cv-

16  3617-KJM-EFB (E.D. Cal. filed Dec. 31, 2009) ("*Biotronik I*").  On May 28, 2014, Sant, the

17  United States, and Nevada filed a stipulation for dismissal, which provided that the dismissal was

18  "in accordance with the terms and conditions of the respective Settlement Agreements," and that

19  the dismissal was with prejudice as to Sant.  *Biotronik I*, ECF No. 64.  On June 5, 2014, the

20  undersigned approved the parties' stipulation and dismissed the action with prejudice as to Sant.

21  *Id.*, ECF No. 69.  On June 6, 2014, judgment was entered and the case was closed.  *Id.*, ECF No.

22  70.  The undersigned subsequently resolved requests to seal and a motion for attorneys' fees.  *See*

23  *id.*, ECF Nos. 76, 77, 160, 171, 172.

24    Earlier this year, Biotronik was served with a complaint that was filed by Sant in

25  California state court in 2011, Case No. 34-2011-00098562 (Sacramento Cty. Super. Ct. filed

26  Mar. 2, 2011).  *See Biotronik v. Sant*, Case No. 2:16-cv-01632-MCE-GGH (E.D. Cal. filed July

27  15, 2016) ("*Biotronik II*"), ECF No. 1.  The state court complaint makes similar allegations as

28  does the complaint in *Biotronik I*, that Biotronik provided kickbacks to physicians to use its

1  devices, but seeks relief under California's Insurance Fraud Prevention Act. *Id.* Ex. 2 (state court

2  complaint).  On July 15, 2016, Biotronik filed an action in federal court, *Biotronik II*, alleging

3  Sant released the claims he is pursuing in state court in the *Biotronik I* settlement agreement and

4  breached the settlement agreement by pursuing those claims.  *Id.*, ECF No. 1.

5         Biotronik now seeks to relate *Biotronik II* to *Biotronik I*.  *Id.*, ECF No. 4.

6  Biotronik argues it would likely effect a substantial savings of judicial effort to relate the two

7  cases, because the undersigned dismissed *Biotronik I* in accordance with the terms of the parties'

8  settlement agreement.  *Id.*  The court disagrees.  Although both actions involve Biotronik and

9  Sant, they are based on different claims, arise from different events, and involve different

10 questions of fact and law.  *Biotronik I* involved allegations that Biotronik provided kickbacks to

11 physicians in violation of the False Claims Act and certain state statutes, whereas *Biotronik II*

12 involves allegations that Sant breached a settlement agreement with Biotronik.  The fact that the

13 undersigned was presiding over the action in *Biotronik I* at the time the settlement agreement was

14 signed does not alone justify relation of the two cases.  The court finds it is not likely

15 reassignment of *Biotronik II* to the undersigned would effect a substantial savings of judicial

16 effort or prevent substantial duplication of labor.  Accordingly, the case of *Biotronik II*, Case

17 No. 2:16-cv-01632-MCE-GGH, is not related to the case of *Biotronik I*, Case No. 2:09-cv-3617-

18 KJM-EFB, within the meaning of Local Rule 123(a), and the court does not reassign it.

19        IT IS SO ORDERED.

20 DATED:  August 1, 2016.

21

22                                                                     _____

23                         UNITED STATES DISTRICT JUDGE

24

25

26

27

28